UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ROBERSON,
                PETITIONER,       )

                            )

V.                          )

                            )

UNITED STATES OF AMERICA,
                RESPONDENT.     )

Case: 1:18-cv-01469   G Deck
Assigned To : Friedrich, Dabney L.
Assign. Date : 6/21/2018
Description: Habeas Corpus/2254

---

### MEMORANDUM IN SUPPORT OF
### MOTION PURSUANT TO 28 U.S.C. § 2254
### WITH POINTS AND AUTHORITIES

**COMES NOW**, Eugene Roberson, ("Petitioner") through Pro se and will move this Court for review of the merit herein. This Memorandum is being filed on this Federal level due to the violations of Federal and Constitutional law. Petitioner would respectfully request that upon review of said merit this Court will vacate the sentence and conviction, or in the alternative, order a new trial. In support of this request Petitioner would provide the following:

RECEIVED

JUN 2 1 2018

Clerk, U.S. District and
Bankruptcy Courts

### PRO SE PLEADER

In determining the sufficiency of a Pro se Motion, a court must be mindful to construe it liberally in favor of the pro se pleader. This policy of liberally construing a pro se petition has led courts to apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name. **Mill v. Walker,** US Dist. LEXIS 25174 (3rd. Cir. 2005). Courts are to extend a Pro se litigant the benefit of any doubt, **Haines v. Kerner,** 404 US 519 (1972).

### JURISDICTION/PROCEDURAL HISTORY

The District Court has jurisdiction over this action pursuant

to 28 U.S.C. § 2254 Petitioner bears the burden of rebutting the presumption by clear and convincing evidence within the body of this application, 28 U.S.C. § 2254(e)(1). **Kuhlmann v. Wilson**, 447 US 436 (1986). This Court has authority to issue a writ of habeas corpus solely on the ground that Petitioner "is in custody in violation of the Constitution or laws or Treaties of the U.S.." 28 U.S.C. § 2254(a) - 28 U.S.C. § 2254(d) - Accord **Dickerson v. United States**, 530 US 428 (2000). ("Habeas Corpus proceedings are available only for claims that a person is in custody in violation of the Constitution or laws of the United States; **Withrow v. Williams** 507 US 680 (1993), ("By Statute, a Federal Habeas Court has juris--diction over any claim that a prisoner is in custody in violation of the Constitution or laws of this land.

Petitioner was arrested and indicted for a June 24, 2000 Murder of an Anthony lee--- Pleading not guilty Petitioner went to trial where the jury was not convinced of the evidence presented by the Government and it ended in a mistrial. Out of an unreasonable attempt to seek guilt at any cost, the government proceeded with a second trial where this time they went for a Motion of limine in order to produce by introduction, out-of-court statements of Government witnesses. In violation of the Confrontation Clause, Petitioner was found guilty in and around September 27, 2001. On November 20, 2001 Petitioner was sentenced--a-term of 37 years to life in Federal Prison. Charged with First Degree Murder while armed/Possession of a firearm during crime of violence/& carrying a Pistol without a license. There was a timely Notice of appeal filed in this case and it was affirmed, as to the conviction and sentence. Petitioner now seeks habeas review of this Court by Motion, Memorandum and attached Affidavit. The Thrust of Petitioners

argument is that the performance of Counsels of record fell below an objective standard of reasonableness, during the most critical stages of the pretrial and appellate proceedings. There was also Prosecutor misconduct made a apart of the record.

In addition, this application raises several questions of Constitutional, Statutory, Jurisdictional, and Procedural law. Some of these issues may be complex, where some are novel. However, the Sentence imposed upon Petitioner sits upon a violation of a fundamental due process right to competent counsel, and a right under the Confrontation Clause where only then can an accused benefit from the workings of a fair trial. Petitioner will show Prosecutorial Misconduct where all issues are of a profound consequence. There are challenging issues and the stakes are very high. Petitioner will pray that this Honorable Court entertain an evidentiary hearing to allow Petitioner to further develop the record.

### GROUNDS FOR RELIEF

Petitioner will assert that the applicable law governing this Motion/Memorandum is holding Supreme Court cases found in **Brady v. Maryland**, 373 US 83 (1963); **Crawford v. Washington**, 541 US 36 (2004); **Strickland v. Washington**, 466 US 688 (1984); (Citations omitted). Petitioner will present other cases that are in support of the claims made herein.

### SUMMARY OF ARGUMENT

A) PETITIONER WILL SHOW PROSECUTOR MISCONDUCT WHERE THE GOVERNMENT FAILED TO PROVIDE THE PROPER BRADY MATERIAL/EVIDENCE OF DET. HAGLOR HEARSAY TESTIMONY AS SOLE WITNESS IN PROVING IT'S DEVONSHIRE PROFFER.

B) PETITIONER WILL SHOW THAT THERE WAS AN ACT OF FRAUD ON THE COURT, WHERE A FALSE BELIEF WAS ALLOWED THAT THERE WOULD BE EVIDENCE PROVING THAT PETITIONER WAS INVOLVED IN THE DEATH OF GOV. WITNESS

(A LLEE), WHERE HEARING SECOND TIER REVEALED
THE RIGHT TO CONFRONT THE WITNESS

C) PETITIONER WILL SHOW THAT HIS RIGHT TO
CONFRONT D.REDD, GOVERNMENT WITNESS, WAS
VIOLATED ALLOWING Det. HAGLER TO PROVE
THEIR CASE IN VIOLATION OF THE SIXTH
AMENDMENT RIGHT UNDER THE CONFRONTATION
CLAUSE.

D) PETITIONER WILL SHOW CAUSE AND HE WILL
SHOW PREJUDICE FOR THE PURPOSE OF MOVING
THROUGH THE PROCEDURAL DEFAULT THAT MUST
NOT BE EVIDENT IN THIS CASE IN ORDER TO
ESTABLISH CONSTITUTIONAL ERRORS.

Petitioner asserts that he can establish "cause & prejudice"
excusing his procedural default, thus giving this Court jurisdiction
to entertain and determine the issues herein. The Court stated that
"cause" would be established by showing that (1) the factual basis
for a claim was not reasonably available to counsel; (2) that some
interference by officials made compliance impracticable; or (3)
the **procedural default** was the result of Constitutionally ineffective
assistance. The Court further stated that "even if the same grounds
was rejected on the merits of a prior application, it is open to
the applicant to show that the ends of justice would be served by
permitting the re-determination of the ground. If purely legal
questions are involved, the applicant may be entitled to a hearing
upon meeting the reasonableness standard of review and the prejudice
standard.

The Due Process violation came in with the suppression of
evidence favorable to Petitioner after requested. If this evidence is
material either to guilt or to punishment, irrespective of the good
faith or bad faith of the prosecution. **BRADY V. MARYLAND.**

Counsel was ineffective by failing to present and execute the
professional investigation of this case where it could have been
shown to the court that det. Hagler was discovered in ethics violations
to the point of criminal acts of stealing a money order. THe States

4

sole witness testified with a credibility issue known by the government. With such misconduct simply to get a guilty finding where due process violations and Constitutional rights are at stake  speaks volumes to the integrity of the court system. This failure to disclose, coupled with counsels failure to seek the discovery requires a reversal of the charges, See **SMITH V. CAIN**, No. 10-814). With this being the strength of the governments case it would demand the truth of a credibility standard of a witness.

On August 25, 2001, AUSA Bart Arronson became aware of Det. Hagler and the stolen Money Order. On September 18 2001, this crime was confirmed when a trace of the money order came back to Hagler. With this information being known yet overlooked, it can be said now that this is prosecutorial misconduct.  This impeaching evidence was withheld from the Court, causing prejudice to Petitioner and but for the errors presented herein there would have been a different outcome. Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. **STRICKLAND V. WASHINGTON**, 466 US 688 (1984). Where the Court established a two prong test to govern ineffective claims. To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of counsel, Petitioner must show, (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that there is a reasonable probability that "but for" counsel's objectively unreasonable performance, the result of the proceeding would have been different, id. 466 US at 688-89. Also see **WILLIAMS V. TUCKER**, 120 S.Ct. 1495 (2000).

The Court stated that "judicial scrutiny of counsel's performance must be highly deferential" and added that "a court must indulge a strong presumption that counsels conduct falls within a wide range

of reasonable professional assistance. . . . . . the defendant must
overcome the presumption that under the circumstances, the
challenged action might be considered sound trial strategy.
With the record of this case being what it is there could not have
been any reasonable trial strategy when we look to the fact that
not only was D. Redd not willing to testify, but the hearsay testimony
of Det. Hagler came with the fact that his credibility stood on
the discovery of his stealing a money order.

Counsel failed to present that this impeaching evidence was
strong enough to sustain a not guilty verdict. If the AUSA office
became aware of this fact, surely counsel for defense was made aware
of the exact same fact. Counsel failed in that, "evidence is material
if there is a reasonable probability that had this evidence been
disclosed, the result of the proceeding would have been different."
**CONE V. BELL**, 556 US 449-69-70. This reasonable probability means
that the likelihood of a different result is great enough to "under-
mine confidence in the out-come of the trial." **KYLES V. WHITLEY**,
514 US 419-34.

The record is in support of the meeting between det. Hagler
and Mr. Redd. Be advised that Mr. Redd chose not to testify and even
provided an **Affidavit** swearing to the fact that he did not tell
det. Hagler anything about information pertaining specifically to
Petitioner and/or his part in any Murder. Further it is clear that
the star witness for the Government did not have relevant information
to establish any credible testimony. After two meetings with Mr.
Redd, there was a third meeting, this could only mean that the
information being provided was not substantial enough for the States
case. Under cross examination Det. Hagler made the following:

Q. Did Mr. Redd tell you about anything said
by Mr. Roberson during that conversation
about wanting to kill Mr. Black?
A. I don't recall that, no
Q. Did Mr. Roberson --
Did Mr. Redd tell you that Mr. Roberson said
anything to Mr. Redd about helping him to locate
Black?
A. I don't recall that either.
Q. Did Mr. Redd say anything to you about Mr.
Roberson asking Mr. Redd whether he was snitching
or talking to the police about the murder?
A. no.
Q. Did Mr. Redd tell you he felt threatened
at all by the conversation he had with Mr. Roberson
that second conversation?
A. No, he didn't mention that.

The above record can be found in Transcripts page 27 lines
9-25 September 24, 2001. Det. Hagler was not clear on many issues
pertaining to the Alleged witness to this crime. it is important
to note here that there is a claim of a Sixth Amendment violation
where the Supreme Court has made it clear in evidence provided in
such a manner would be kin to "Shoveling dirt upon the Sixth
Amendment right to Confrontation," that was rescued from the grave
in **CRAWFORD V. WASHINGTON**, 541 US 36 (2004).(emphasis added) (quoting
**OHIO V. CLARK**, 567 US__, 2015. The State presented unconfronted
statements made by an alleged witness -i.e. statements that were
used for testimonial purposes where said witness provided an Affidavit
swearing that he did not state any of the information provided by
Det. Hagler. The Witness refused to testify, (Mr. Redd)

The Supreme Court has defined testimony as a solem---declaration
or affirmation made for the purpose of establishing some fact. In
the context of the (Confrontation Clause), a fact - "potentially
relevant to later criminal prosecution. **DAVIS V. WASHINGTON**, 547
US 813 (2006). **CRAWFORD** remains the law.

Fraud on the Court is evident in this case at bar, where (1)
a false representation is present, (2) it is in reference to material
facts, and (3) made with knowledge of its falsity, (4) with the main

intent to deceive. Counsel failed in allowing false testimony where
competent investigation of this case would have revealed the errors
within the record of this case. Hagler admitted to taking no notes
during the sessions between officials himself and Mr. Redd. There
is no signed statement from Mr. Redd nor is there any grand jury
testimony in support of any claims made by Det. Hagler. Nothing
but hearsay testimony in regards to the death of A. Lee and
Petitioner's involvement in the same.

## THE SUPREME COURT NOTED THAT:

"A single serious error may support a claim of ineffective
assistance of counsel. Id. **KIMMELMAN V. MORRISON**, $&& US at 384.
When the Court finds no "strategy" was actually involved in the
case - then counsels (Claudia Crichlow) performance thereby falls
below the **STRICKLAND v. WASHINGTON** objective standard because
counsels failure was based "on counsel's failure to properly
investigate the case where discovery of stolen money orders and
no grand jury testimony existed, nor was there a statement made
by Mr. Redd. All in conflict with --- and in support of, hearsay
testimony of Det. Hagler.

"Viewing counsels failure to conduct the professional pre-
trial investigation as it relates to the discovery from her
perspective at the time she decided to forego that stage of pre-
trial preparation by not interviewing parties at interest that
would have been able to share important information about the
withholding of exculpatory information. This applied a heavy measure
of deterrence. Counsels judgments based on ineffective decisions
are unreasonable, that is, contrary to prevailing professional norms.
"Counsel has a duty to make reasonable investigations or to make
a reasonable decision that makes particular investigations unnecessary."
Id. Petitioner's lawyer made no reasonable attempts to bring the

attention of Mr. Redd not making statements under affirmation about her client, nor the fact that there existed no grand jury testimony implicating her client to any Murder. Petitioner would make the claim that Trial Counsel's ommissions were not part of any "strategy" or trial tactic because they had not been taken after thorough investigation of the law and facts relevant to all plausible options available to counsel. From this, the Court determined that the omissions were professionally unreasonable and had caused counsel's performance to fall below the objective standard of **STRICKLAND**. **KIMMELMAN V. WASHINGTON** Supra. No deterrence is due to counsel's actions, in short, whenever performance falls below the **STRICKLAND** standard of reasonableness. Specific acts where they demonstrate the results of actual choices made between or among all plausible options, then there is no ineffective violation under the Sixth Amendment.

If the record does not "conclusively" demonstrate "strategic reason" for counsels failure, the district court entertaining a motion under 28 U.S.C. § 2254 must hold an evidentiary hearing. A subsequent affidavit from counsel of record will not suffice to establish a trial strategy, nor absolve the district court from the requirement of ordering an evidentiary hearing.

Petitioner will continue to show specific, sworn, and factual allegations which this Court should accept as true for the purpose of considering whether to order a remand because they are not conclusively disproved by the records and files of this case.

### PROSECUTORIAL MISCONDUCT DENYING
### BRADY MATERIAL/EXCULPATORY EVIDENCE

In order for a defendant to prevail in proving prosecutorial misconduct, the Court must consider the "severity of the conduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper [misconduct]." **TANKLEFF V. SENKOWSKI**,

135 F.3d 159-62 (2nd Cir. 1998) (quoting UNITED STATES V. MODIC,
663 F.2d 1173-81 (2nd Cir. 1981). In applying the three prongs
to this instant offense, the first prong is met, in that, the
state prosecutor withheld **Brady** material and used perjured
testimony to secure the instant conviction. The second prong is
incontestably met, whereas there was nothing done to cure these
indiscretions. **(Hagler & a Stolen money order).** The third prong
is met whereas, without resorting to the deception of hiding this
truth of ethics violations and infractions of the law by the star
witness, the likelihood of even a trial by jury is non-existent

## PREJUDICE STANDARD

In writing for the majority in **STRICKLAND** 466 US 688 (1984).
Justice O'Conner stated the general rule that actual ineffectiveness
claims alleging a deficiency in attorney performance are subject
to a general requirement that the defendant affirmatively prove
prejudice. Id. 466 US at 697. More specifically, Justice O'Conner
set forth the now well settled statement of the test for prejudice
in claims of actual ineffectiveness of counsel as, "the defendant
must show that there is a reasonable probability that, but for
counsels unprofessional errors, the results of the proceeding
would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. 466 US at
695-98. Mr. Roberson is respectfully requesting this Honorable Court
to consider the totality of the factors which guided the decision
maker in the challenged proceedings, then try to determine which
factors were or were not "affected" by counsels errors. "Taking
the unaffected [factors] as a given and taking due account of the
effect of the errors on the remaining [factors]. A court making the
prejudice inquiry must ask if the defendant has met the burden of
showing that the decision reached would reasonably, likely have been

different absent the errors.  Id.  **STRICKLAND** supra.  When through

"hindsight" the court can determine that but for the errors of

counsel, there is a reasonable probability of a different outcome,

the defendant has affirmatively proven prejudice.  **STRICKLAND,**

466 US at 694-95, **UNITED STATES V. GLOVER,** 121 S.Ct. 696 (2001),

**WILLIAMS V. TAYLOR,** 120 S. Ct. 1495 (2000).

Counsel should have known that the testimonial hearsay is

a primary object of right to confrontation, such as prior testimony

at a preliminary hearing, before a grand jury, or at a former trial

proceeding. Even statements of response to interrogations by law

enforcement officers fall squarely within that class. **CRAWFORD V.**

**WASHINGTON,** 541 US 36 (2004). Mr. Redd meets the third prong here

where his out-of-court alleged statements were based on questions

provided by law enforcement officers and the State prosecutor. These

out-of-court statements are considered testimonial under **CRAWFORD.**

Such statements are prohibited under the confrontation clause of

the Sixth Amendment, unless declarant witness is shown to be un-

-available and defendant had earlier opportunity to cross-examine

declarant. Redd was available yet refused to testify, Petitioner

never had an opportunity to cross examine Redd. There is a Constitutional

right to have Redd's testimony placed within the crucible of cross-

examination. The reliability of Hagler's testimonial hearsay must

be put to the question of law. Counsel did not address the fact

that the Government never produced any evidence that Redd made

statements against Petitioner about the death of A. Lee. Hagler

admitted that Redd never told him anything about Petitioner being

involved with the death of Lee.

TRANSCRIPTS SEPTEMBER 24, 2001

Q. During those meeting [sic] with Mr. Redd, did
he ever tell you that Mr. Roberson had said any-
thing to him about telling suley to kill Mr. Black
-- Mr. Lee?
A. No.
Q. Did he tell you that he knew of any plan between
Mr. Roberts and Mr. roberson to kill anthony lee?
A. No
Q. Did he ever tell you that Mr. Roberson had told
him about telephone conversations with Mr. Roberts
in reference to killing Mr. Lee?
A. No.
Q. Now, did Mr. Redd ever express to you during those
conversations that his concern for his safety was
related to Mr. Roberson?
A. He stated that his concerns wer for--because
of the entirety of the situation.
Q. Okay, when he said, the entirety of the
situation, Mr. Redd was not just talking to you
about Donnell Simms' murder, he was talking to you
about other things he knew about; correct?
MR. ROSMAN: Your Honor, I'm going to object. Vague.
THE COURT: I'm going to sustain that objection

The Confrontation clause categorically entitles a defendant
to be confronted with the witnesses against him. The primary purpose
test according to the Supreme Court., sorts out, among the many
people who interact with the police informally, who is acting as
a witness and who is not those who fall into the former category
bear testimony, and are therefore acting as "witnesses," There are
no other mysterious requirements to name. **Ohio v. Clerk**, supra.

In **CRAWFORD V. WASHINGTON**, 541 US 36 (2004), the Court allowed
the state to play for the jury a tape-recorded statement in which
the accused's wife - who because of the State marital privilege
that generally barred one spouse from testifying against the other
without the others consent, did not testify at trial - during police
interrogation, had described the accused's stabbing of the victim
where the court erred in allowing this out-of-court statement, claiming
a particularized guarantee of trustwothiness. The Appeals court
affirmed (107 Wash App. 1025). On Certiorari; the Supreme Court
reversed in an opinion be Scalia J., joined by Stevens, Kennedy,
Souter, Thomas, Ginsburg, and Breyer JJ., Overruling **Ohio v. Roberts**,

allowing the tape-recorded statement violated the accused Sixth

Amendment right to be confronted by the witness against him, as

(1) where testimonial evidence was at issue, the Sixth Amendment

demanded unavailability and a prior opportunity for cross-examination;

and (2) the States admission of the wife's testimonial statement

against the accused, despite the fact that he had no opportunity

to cross-examine her alone, was sufficient to make out a violation

of the Sixth Amendment. This Confrontation precedent should have

been known by Counsel of record during these trial proceedings.

This same Sixth Amendment provides a compulsory process for obtaining

witnesses in his favor and to have the assistance of  competent

counsel for his defense.

A Defendants federal Constitutional right to confront the

witness against him was violated through the admission into

evidence, during defendant's Texas robbery trial, of a transcript

of testimony given by the alleged robbery victim in a preliminary

hearing, it followed that the defendants conviction had to be

reversed, the Supreme Court held in **Pointer v. Texas**, 380 US 400

(1965). in which the Court reversed a Texas Appellate Court's

judgment upholding the accused's conviction. This case is similar

to the issue found in **Douglas v. Alabama**. 380 US 415 (1965), where

"the Supreme Court reversed" an Alabama Appellate Court's judgment

upholding an accused's Sixth Amendment right of confrontation was

violated by a combination of an Alabama prosecutor's reading at

trial of an alleged confession by a supposed accomplice and the

supposed accomplices refusal on self-incrimination grounds to

answer questions as to the alleged confession. Petitioner would

contend that where circumstances that present an inference from

a witnesses refusal to answer, adds critical weight of the

prosecution's case in a form not subject to cross-examination,

13

and thus unfairly prejudiced Movant in that case as in this in-
stant offense. Petitioner will assert that the Sixth Amendment
and the fourteenth Amendment to the Constitution have both been
violated in this respect. In **Barber v. Page**, 390 US 719 (1968),
the Supreme COurt reversed a Federal Court of Appeals denial of
habeas corpus relief to the accused, held that, under the circumstances
the accused had been denied his Constitutional right to confront-
ation under the Sixth & Fourteenth Amendments, at an Oklahoma
State trial for Robbery, in which trial the principal evidence
against the accused consisted of the hearing of a transcript
of a preliminary hearing - testimony of an absent witness. Petitioner
would present (The question of law) and how it would rest on the
traditional and fundamental standards of Due Process. Therefore,
this case should be reversed and vacated.

The volumes of case law pertaining to this right of a defendant
clearly shows that Counsel's performance fell below an objective
standard of reasonableness. Thereby prejudice to Petitioner's defense.
Recognizing that Sixth Amendment rights to confront witnesses is
applicable to States under due process clause of 14th Amendment;
**Illinois v. Allen**, 397 US 337 (1970). The Supreme Court has held
that the command of the Sixth Amendment, requiring an accused to
be confronted with the witnesses against him is made applicable
to the States. This rule is supported by the following cases;
**Burgett v. Texas.** 389 US 109 (1967)(recognizing rule); **Smith v.
Illinois**, 390 US 129 (1968)(following federal standards, under
which the right of cross examination is included in the right of
an accused to confront the witnesses against him); **Roberts v.
Russell**, 392 US 293 (1968)(recognizing rule by determining its
retroactive effect). **Harrington v. California**, 395 US 250 (1969).

In conclusion to the Confrontation issue, Petitioner would bring in **Melendez-Diaz v. Massachusetts**, 174 L.Ed 2d 314 (2009) in - the admission, at drug trial, of Affidavits of State laboratory analyst who did not testify at trial, held to violate accused's right under federal Constitutions Sixth Amendment to confront witnesses against him. Because affidavits were "testimonial." The Confrontation Clause - like those other Constitutional provisions -is binding.

## HEARSAY TESTIMONY AND
## FALSE-MISLEADING STATEMENTS

Petitioner would bring the argument of Det Hagler being allowed to submit through testimony, false and misleading information to the jury simply to inflame the jury. Counsel failed in this regard as the Government witness only presented hearsay testimony. Under **Napue v. Illinois**, 360 US 264 (1959), it is clear that the Government may not knowingly present false or misleading evidence or allow admission of such evidence to go uncorrected. **Longus v. United States**, 52 A 3d 836 (D.C. 2012) (explaining that the "un--derlying purpose of **Napue**" is "to ensure the jury is not misled by falsehoods"). "[A]s with **Brady**, the government's obligation under **Napue** turns not on the personal knowledge of an individual prosecutor, but on what the government, under a collective know--ledge theory, knew, or should have known." Id. at 848. The same would apply to this cause and prejudice standard where counsel knew, or should have known about this evidence being such that it would be in violation of Supreme law precedent and Constitutional violations. Counsel was ineffective for allowing this information to inflame the jury-prejudice to Petitioner. Counsel's learned knowledge regarding hearsay testimony indicates that she knew Det. Hagler had no foundation and would only mislead the jury to

think that the government's case in chief was stronger than it actually was. The Supreme Court stated in **Napue v. Illinois**, 360 US 264 (1959) that (Due process prohibits the state's "knowin[g] use [of] false evidence" because such use violates "any concept of ordered liberty.")

Justice Thomas, in writing his dissenting opinion in **United States v. Williams**, 504 US 36 (1992), noted that "[l]ike the hydra slain by Hercules, prosecutorial misconduct has many heads." **Williams**, 504 US at 60. However, Justice Thomas noted that "while [a prosecutor] may strike hard blows, he/she is not at liberty to strike foul ones." **Williams**, 504 US at 62.

In federal Courts, prosecutorial misconduct is not taken lightly. While inappropriate prosecutorial comments or omissions standing alone may not justify a new trial, upon examination of herein revealed facts, and the proper development of the record, a new trial may certainly be warranted. **United States v. Friedman**, 909 F.2d 705-09 (2nd Cir. 1990). This Court is respectfully re--quested to focus on three factors in determining whether the conduct is so severe and significant as to result in the denial of a fair trial. see **United States v. Young**, 470 US 1-12 (1985). Nevertheless, other Courts have diverged in the way the analysis should proceed. In the Sixth Circuit for example, a "flagrant violation" vitiates the rule that the likelihood of conviction should be considered. Willfully withholding exculpatory material and knowingly using perjured testimony, as was done in this case is such a violation. **Brady v. Maryland**, 373 US 83, Also see **Napue v. Illinois**, 360 US 264 (1959) respectively.

16

PETITIONER REQUEST AN
EVIDENTIARY HEARING WHERE IT
WOULD BE USEFUL TO THE COURT

Petitioner contends that each of the errors addressed herein are sufficiently prejudicial, in direct violation of Constitutional rights. They all require a reversal of this Sentence and Conviction. However, should the Court disagree, the least consideration would be to order an evidentiary hearing to determine the facts, and to thereby allow Petitioner to fully develop the record in support of the same. The Constitutional errors deprived Petitioner of a fair and just representation under the Sixth Amendment as well as the right under the Confrontation Clause and procedural rule violations addressed herein.

Wherefore, Petitioner respectfully prays this Honorable Court vacate Petitioner's conviction and sentence due to the cumulative effects of Counsel's errors and prosecutorial misconduct. In the Alternative, Petitioner request an evidentiary hearing is granted to allow an opportunity to address the facts raised and further present evidence to rebut the case at bar. While many of the allegations are already well established by the files and records of this case, some of the material allegations concern issues which took place outside of the courtroom, and are not therefore, part of the "files and records." These allegations require an evidentiary hearing under well-settled law. **United States v. Blaylock**, 20 F.3d 1458-65 (9th Cir. 1994), (evidentiary hearing required unless (motion) files and trial record "conclusively show" Petitioner entitled to no relief). **Virgin Lslands v. Weatherwax**, 20 F.3d 572-73 (3d Cir. 1994) (Petitioner entitled to evidentiary hearing on ineffective assistance of counsel claims where facts viewed in light most favorable to Petitioner would entitle him to relief). The general practice is to remand the claim for an evidentiary hearing unless the trial

record alone conclusively shows that the defendant either is or is not entitled to relief, **United States v. Gray Burriss**, 791 F.3d 50 (D.C. Cir. 2014); **United States V. Pole**, 741 F.3d 120 (D.C. Cir. 2013), **United States v. Faren**, 712 F.3d 593 (D.C. Cir. 2013), **Shaw v. United States**, 24 F.3d 1040-43 (8th Cir. 1994); (Petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue).

Mr. Roberson, (Petitioner) has presented the claim that he has suffered prejudice. This demonstration requires some level of consideration for this Court to review the record and determine to some degree any possible hearing on the merits of this claim.

### INEFFECTIVE ASSISTANCE OF
### APPELLATE COUNSEL

Petitioner would make the claim that Appellate counsel in this case was ineffective for failing to file the Sixth Amendment claim on trial counsel in this case. Procedurally depriving Petitioner of making this claim where it would have been preserved through Appellate--counsel. In **Ibrahim v. United States**, 661 F.3d 1141 (D.C. Cir. 2011) it made clear that-The "remedy by Motion" referred to in D.C. Code § 23-110(g) means only motions filed pursuant to § 23-110(a), thus, since claims of ineffective Appellate counsel can be raised solely by a motion to the D.C. Court of Appeals to recall the mandate (i.e. not under § 23-110 itself), such a claim triggered the safety valve provided by § 23-110's "inadequate or ineffective" language, and therefore federal courts had habeas jurisdiction over such a challenge. **Watson v. United States** 536 A.2d 1056-60 (D.C. Cir. 1987) (en banc) (DCCA).

(Please review attached Affidavit)

18

The issue of Appellate counsel Thomas Englo refusing to make the claim of ineffective assistance of trial counsel. Petitioner would raise the claim that Crichlow, the first post conviction counsel was ineffective where the second counsel of record, Mr. Englo failed to raise any valid claims in the first notice of post conviction relief, whereas, on Appeal, the claim of ineffective assistance could have been raised, where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a sub--stantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. **MARTINEZ V. RYAN**, No. 10-1001, (9th Cir. 2012). In **HALBERT V. MICHIGAN**, 545 US 605 it was noted that "An attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claim." It is to be made clear that without adequate repre--sentation in an initital-review collateral proceeding, a prisoner will have similar difficulties vindicating a substantial ineffective assistance at trial claim.

### JUDGE ADMITTED NO EVIDENCE WAS PROVEN TO SUBSTANTIATE INVOLVEMENT OF PETITIONER

The record is in full support of the Court admitting there was never a showing of the required evidence to prove Petitioner's involvement in the death of Anthony Lee. The Court stated that her ruling was not based on the evidence presented by the government.

Wherefore, the <u>Devonshire</u> requirements were not met in this case, as the attached exhibits show; Trans. pg. 52-53-54-55, lines 22/pg.52 all of 53/54/& 55. The Court erred in making a decision outside of proven evidence, Trans. Pg. 59 lines 21/25:

> THE COURT: "There was never in the proffer, and I didn't base my decision on Mr. Redd saying the details of a "plan" or agreement between Mr. Roberts and Mr. Roberson to kill Mr. Lee, otherwise known as Black."

It is with review of the full record in this case that will show Petitioner meeting the requirement for a remand in order to allow Petitioner a opportunity to fully develop the record in this case. There has been a miscarriage of justice in this case and the stakes are too high, looking at the amount of prison time that Petitioner is faced with serving. Petitioner has met the "Cause and Prejudice standard in order to qualify this habeas request for relief.

### ACCUMULATED INEFFECTIVE ASSISTANCE OF COUNSEL AND ERRORS

Petitioner would herein re-allege every claim of ineffective assistance of counsel set forth above, as a consequence of counsel's deficient performance during Petitioner's criminal proceedings, he has unfortunately been deprived of the Sixth Amendment right to conpetent counsel. Any "serious single error" could cause counsel's performance to fall "below the level of reasonable professional assistance, even where counsel's performance at <u>trial was generally credible enough</u>," and even where counsel had made "vigorous cross examination attempts to discredit witnesses, and an effort to establish a different version of the facts." KIMMELMAN V. Morrison, 477 US at 384-86. Petitioner makes the claim that the record does not "conclusively" demonstrate "strategic reasons" for counsel refusing

to object to--the hearsay testimony of det. Hagler. Counsel failed
to object to the introduction of Lee's grand jury testimony, even
after the Court admitted that there was not enough evidence to
create a nexus between Petitioner and the death of A. Lee.

The Courts have recognized and accepted the theoretical
underpinnings of the--cumulative error argument. **UNITED STATES
V. DWYER**, 843 F.2d 60-65 (1st. Cir. 1988)("individual errors
insufficient in themselves to necessitate a new hearing, may in
the aggregate have a more debilitating effect"); **UNITED STATES V.
SEPULVEDA**, 15 F.3d 1161 (1st Cir. 1993). The cumulative effect
doctrine has been used to access counsel's performance. **CARGLE
V. MULLIN**, (10th Cir. 1/27/03) (citation omitted); **HENRY V. SCULLY**,
78 F.3d 210 (2nd Cir. 2001), (ineffective assistance of counsel
predicated on cumulative error); **McDOWELL V. Calderon**, 107 F.3d
1351 (9th Cir. 1997).

In light of the claims presented herein, and the showing of
"cause and prejudice," it is with all due respect that this Honorable
Court remand this case back for an evidentiary hearing in order to
provide Petitioner an opportunity to argue and properly present
this case with competent counsel. In the alternative, after full
review vacate the conviction and sentence, due to the errors of
the government's failure to meet the burden of proof standard.

## CONCLUSION/RELIEF

**WHEREFORE**, Mr. Roberson prays this Court will grant the
following relief:

1.   Appoint Counsel with the order of remand where review of the
merits can be accomplished;
2.   Review the attached Affidavit for the truth of an administered
oath pursuant to Statutory mandates;
3.   Order the government to provide Petitioner's counsel with

a complete file containing all criminal records, alleged evidence and documents of attorney files, and all other material that was not previously made available;

4.   Expand the record to allow Petitioner to develop and discover facts and material relative to the claims of ineffective assistance of counsel as it relates specifically to the due process rights violations shown herein;

5.   If necessary, grant Petitioner an opportunity to amend this § 2254 motion, if in fact there are extraordinary circumstances that develop in the interest of justice;

6.   Petitioner respectfully request full review of the attached affidavits that are hereby made a part of this record;

7.   And any other relief that this Federal Court would deem just and proper according to the fundamental right to fairness.


Respectfully submitted, under penalty of perjury, 28 U.S.C. § 1746 on this the *13* day of *June* 2016.


Eugene Roberson Pro se
Reg # *31569-007*
Federal Correctional Institution-2
P.O. Box 1500
Butner, N.C. 27509

CERTIFICATE OF SERVICE

I hereby certify that I have caused a three copies of the Motion under § 2254 with attached Memorandum and affidavit to be served upon the Clerk of Court in the District of Columbia, in order that all parties at interest can be served process. This is being executed postage prepaid and under penalty of perjury, 28 U.S.C. § 1746 on this the 13 day of June 2016.

DISTRICT OF COLUMBIA
UNITED STATES COURTHOUSE
333 Constitution Avenue, N.W.
ROOM 5523
WASHINGTON, D.C. 20001

Respectfully submitted,

/S/EUGENE ROBERSON PRO SE
FCI-Butner 2
P.O. Box 1500
Butner, N.C. 27509

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

EUGENE ROBERSON,            *
         AFFIANT,        *
                          *
                          *    Case # F-5983-00
V.                       *
                          *
UNITED STATES OF AMERICA,  *
          RESPONDENT.    *

## AFFIDAVIT IN SUPPORT OF
## MOTION UNDER § 2254

    I, Eugene Roberson, hereby declare and swear that I am competent to state the matters set forth herein. That I have first hand knowledge of these facts and that they are true, correct and complete, to the best of my recollection, understanding and belief. If called upon as a witness, I will testify to the veracity herein. This is being submitted under penalty of perjury in compliance to the Declaration found in 28 U.S.C. § 1746 on this the _13_ day of _June_ ,2016.

### STATEMENT OF FACTS

1.   **THAT,** Attorney Crichlow failed to provide Affiant with adequate legal assistance under the 14th Amendment to the Constitution.

2.   **THAT,** Counsel refused to call Affiant's witnesses to allow testimony for defense. Present and prepared to give said testimony was Jessica Turner and Christina Roberson. Alibi witnesses that counsel failed to present.

3.   **THAT,** Counsel failed to call Kimberly McLaughlin as a defense witness after Ms. Mclaughlin (a Government witness), testified that she witnessed Affiant enter a vehicle with Christina Roberson earlier that evening. Further Mclaughlin testified that Affiant was not present at the location the night of Simms murder.

4.   **THAT,** Counsel failed to raise or challenge inconsistent statements made by Tawanna Bost's during Affiant's first trial where the record is in full support of a change in testimony after speaking with detectives.

5.    **THAT**, Counsel failed to adequately investigate this case where it could have been discovered---that Kim Young, a witness to an alleged Murder in upper Malbaro, Maryland involving a bail bondsman, where said conviction was overturned due to the false testimony of Kim Young.

6.    **THAT**, Counsel failed to properly investigate the fact that Monica Davis was awarded custody of her daughter in exchange for testimony against Affiant, thereby providing false testimony

7.    **THAT**, Counsel failed to investigate discovery material that was exculpatory in nature. Fingerprints found on a trash can lid, at the crime scene. There was no match implicating Affiant, yet the results of the analysis were never submitted, and Counsel failed to move for this **Brady** material evidence. It may have supported Kimberly Mclaughlin's eyewitness account of the events in question.

### VERIFICATION

I Eugene Roberson have read this Affidavit and will issue the same with full intent and purpose. I hereby declare under penalty of perjury that the foregoing is true, correct and complete, not misleading and if called upon as a witness, I Eugene Roberson, (Affiant) will testify to it's veracity. This Affidavit is made in compliance to the Declaration pursuant to 28 U.S.C. § 1746, on this the _13_ day of _June_ ,2016.


Respectfully submitted,

_Eugene Rob_
Eugene Roberson #_31569-007_
FCI-2
P.O. Box 1500
Butner N.C. 27509