# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EUGENE ROBERSON, | ) |
| *Petitioner*, | ) |
| v. | ) No. 18-cv-1469 (DLF) |
| UNITED STATES OF AMERICA, | ) |
| *Respondent*. | ) |

## MEMORANDUM OPINION

Petitioner Eugene Roberson, appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, which governs review of state-court convictions. Roberson does not identify the court of conviction, but he is clearly challenging his jury convictions in the Superior Court of the District of Columbia of first-degree murder, possession of a firearm during a crime of violence, and carrying a pistol without a license. *See* Mot. Pursuant to 28 U.S.C. § 2254 (Pet.) at 2, Dkt. 1 (recounting indictment, conviction, and sentence); *see also Roberson v. United States*, 961 A.2d 1092, 1093 (D.C. 2008).

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto." 28 U.S.C. § 2243. Having carefully considered the petition, the Court will dismiss it because (1) the Court lacks jurisdiction over most of the claims, and (2) Roberson has failed to exhaust his state-court remedies.

## I. LEGAL STANDARDS

"[T]o collaterally attack his sentence [or conviction] in an Article III court[,] a District of Columbia prisoner faces a hurdle" that other prisoners do not. *Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997). D.C. Code § 23-110 provides a remedy analogous to the remedy provided in 28 U.S.C. § 2255 for collateral review of convictions in the D.C. Superior Court. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). It provides that "[a] prisoner in custody under sentence of the Superior Court" "may move the court to vacate, set aside, or correct [a] sentence" on the grounds that it was "imposed in violation of the Constitution" or otherwise subject to collateral attack. D.C. Code § 23-110(a). And it broadly strips federal courts of jurisdiction over most collateral attacks. It states that "[a]n application for a writ of habeas corpus" by a prisoner authorized to seek relief under § 23-110 "shall not be entertained . . . if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion"—that is, a motion under § 23-110(a)—"is inadequate or ineffective to test the legality of his detention." *Id.* § 23-110(g). This provision, the D.C. Circuit has held, "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

By its terms, the statute provides only a narrow exception to this jurisdictional bar when a motion under § 23-110(a) would be "inadequate or ineffective." D.C. Code § 23-110(g); *see also Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (per curiam) ("[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention." (internal quotation marks omitted)). And even then, a petitioner may only obtain relief if he meets "the ordinary habeas

standard" provided in 28 U.S.C. § 2254. *Gorbey v. United States*, 55 F. Supp. 3d 98, 103 (D.D.C. 2014). Specifically, "[t]he petitioner must first either exhaust his state-court remedies or show that such remedies are unavailable or ineffective." *Id.* (citing 28 U.S.C. § 2254(b)(1)(A) & (B)). "D.C. local courts are treated as 'state' courts for purposes of federal habeas-corpus jurisdiction." *Id.* at 102.

## II. ANALYSIS

Roberson argues that he is entitled to relief under 28 U.S.C. § 2254 because of prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and violations of the Sixth Amendment's Confrontation Clause. *See* Pet. at 2–4. The Court first considers his trial error claims and then his ineffective assistance of appellate counsel claim.

### A. The Trial Error Claims

All of Roberson's trial error claims are jurisdictionally barred by § 23-110(g). Section 23-110(a) expressly permits review in the D.C. Superior Court of alleged "violation[s] of the Constitution of the United States." D.C. Code § 23-110(a). And it is well established that claims predicated on prosecutorial misconduct and trial counsel's performance are "cognizable under § 23-110." *Saunders v. United States*, 72 F. Supp. 3d 105, 109 (D.D.C. 2014) (citing cases). It follows that the Court may not review these claims because § 23-110(g) "divests [the Court] of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)." *Williams*, 586 F.3d at 998; *see also Graham v. FCC Coleman USP II Warden*, No. 14-cv-1567, 2016 WL 2962190, at *3 (D.D.C. May 20, 2016) ("[T]his Court lacks jurisdiction over the claim that trial counsel was ineffective, as well as the claim of prosecutorial misconduct . . . ."), *certificate of appealability denied*, No. 16-5179, 2017 WL 2728390 (D.C. Cir. Jan. 3, 2017).

3

## B. The Ineffective Assistance of Appellate Counsel Claim

In contrast to his claims of trial error, Roberson's ineffective assistance of appellate counsel claim is not jurisdictionally barred by § 23-110(g). The D.C. Court of Appeals has held that a claim for ineffective assistance of appellate counsel is not available under § 23-110(a) because reviewing such a claim "would necessarily require the lower court to pass judgment on the efficacy of the appellate review." *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc). Thus, § 23-110(g) "presents no bar to [the review of an] ineffective assistance of appellate counsel claim." *Williams*, 586 F.3d at 998.

Although he clears the jurisdictional hurdle in § 23-110, Roberson has not satisfied the "ordinary habeas standard" in § 2254 because he has not exhausted his state-court remedies. *Gorbey*, 55 F. Supp. 3d at 103. For D.C. prisoners, "a motion in [the D.C. Court of Appeals] to recall the mandate is the appropriate avenue" for exhausting a claim based on ineffective assistance of appellate counsel. *Watson*, 536 A.2d at 1060. And it is only "after a cogent ruling from the D.C. Court of Appeals concerning local relief, if any," that "the District Court will be in a position to rule intelligently on [a] federal petition for habeas corpus." *Williams*, 586 F.3d at 999 (internal quotation marks omitted). Because Roberson does not suggest that he has satisfied the mandate-recall procedure, the Court will dismiss the ineffective assistance of appellate counsel claim for failure to exhaust.[1]

---

[1] To the extent Roberson asserts a claim of ineffective assistance of post-conviction counsel, *see* Pet. at 19, the Court lacks jurisdiction because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings [is] not . . . a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

## **CONCLUSION**

For the foregoing reasons, the Court will dismiss the petition. A separate order accompanies this Memorandum Opinion.

*[signature: Dabney L. Friedrich]*
_____
DABNEY L. FRIEDRICH
United States District Judge

November 2, 2018